# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VERITEXT/PA REPORTING COMPANY, LLC, t/a RSA | : : | CIVIL ACTION |
| Plaintiff, | : : | |
| vs. | : : | |
| E-REPORTING STENOGRAPHIC AFFILIATES OF PENNSYLVANIA, INC., t/a E-RSA F. DAVID DAMIANI, LAURA GROSSO, CARMELLA MAZZA, RICHARD J. COLEMAN | : : : : : | |
| Defendants. | : | NO. 03-6533 |

## DEFENDANTS' RESPONSE IN OPPOSITION TO
## THE MOTION TO ENFORCE SETTLEMENT

Defendants E-Reporting Stenographic Affiliates of Pennsylvania, Inc., t/a E-RSA, F. David Damiani, Laura Grosso, Carmella Mazza and Richard J. Coleman (collectively referred to hereafter as "Defendants" or at times "E-RSA" individually), by and through their attorneys, Rawle & Henderson, LLP, hereby respond in opposition to the Motion to Enforce Settlement filed by plaintiff, Veritext/Pa Reporting Company LLC t/a RSA (hereafter "Veritext").

For the reasons which are set forth fully in the accompanying Memorandum of Law, incorporated herein by reference, basic contract principles mandate that an enforceable agreement to settle does not exist.

1373158 v.1

WHEREFORE, defendants respectfully request that this Honorable Court deny Veritext's Motion to Enforce Settlement.

          Respectfully submitted,

          RAWLE & HENDERSON LLP

          BY:  /S/ MICHAEL P. DORSEY
               Michael P. Dorsey, Esquire
               The Widener Building
               One South Penn Square
               Philadelphia, PA 19107
               (215) 575-4346
               Attorneys for Defendants,
               E-Reporting Stenographic Affiliates
               of Pennsylvania, Inc., t/a E-RSA,
               F. David Damiani, Laura Grosso,
               Carmella Mazza and Richard J. Coleman

Dated:  October 20, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VERITEXT/PA REPORTING COMPANY, LLC, t/a RSA | : | CIVIL ACTION |
| Plaintiff, | : | |
| vs. | : | |
| E-REPORTING STENOGRAPHIC AFFILIATES OF PENNSYLVANIA, INC., t/a E-RSA F. DAVID DAMIANI, LAURA GROSSO, CARMELLA MAZZA, RICHARD J. COLEMAN | : | |
| Defendants. | : | NO. 03-6533 |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' RESPONSE IN OPPOSITION TO
THE MOTION TO ENFORCE SETTLEMENT**

Defendants, E-Reporting Stenographic Affiliates of Pennsylvania, Inc., t/a E-RSA, F. David Damiani, Laura Grosso, Carmella Mazza and Richard J. Coleman (collectively referred to hereafter as "Defendants" or at times "E-RSA" individually) hereby submit the following Memorandum of Law in support of their opposition to the Motion to Enforce Settlement.

**I.      INTRODUCTION**

This commercial dispute between two court reporting firms and certain individual members of E-RSA has been heavily litigated.  A motion for summary judgment had been filed by Veritext and responded to by Defendants when the parties, through their counsel, reached an agreement in principle to settle this matter.  In other words, the parties agreed on the dollar amount of the settlement only.  The attorneys for both parties at the time were fully aware that essential terms and conditions of the settlement would need to be further negotiated, memorialized in a written agreement, and ultimately approved by their respective clients.

1373158 v.1

Numerous unsuccessful attempts were made to finalize the settlement agreement. The parties have now reached an impasse as to an essential term of the agreement, that being a "Release" verses a "Covenant Not to Sue" with respect to the corporate defendant E-RSA. Veritext will not sign an agreement in which it releases E-RSA from "known or reasonably should have known" future claims, whereas, the Defendants will not agree to a covenant not to sue E-RSA because it views it as an invitation for future litigation by Veritext. The Defendants have never approved of an agreement that includes a covenant not to sue E-RSA and have always insisted that E-RSA be a released party.

As the following discussion clearly illustrates, the parties have not reached a meeting of the minds with respect to an essential term of the settlement agreement and therefore the agreement is unenforceable and Veritext's motion should be denied.

## II.    BACKGROUND

While the Court's ruling on Veritext's opposed motion for summary judgment was pending, counsel for Veritext, Michael S. Hino, Esquire, and former counsel for defendants, Michael A. Meehan, Esquire, engaged in settlement negotiations. Those discussions were successful only in that the parties were able to agree on the dollar amount of the settlement. It was clear from the outset that the parties had not consummated a settlement agreement and that much work needed to be done in terms of further negotiating certain essential terms. It was also clear that counsel for both parties needed client approval of a written agreement in order to complete the settlement.

The above is confirmed in initial correspondence between Mr. Meehan and Mr. Hino which, ironically, Veritext cites in its Motion to support its position that the parties had agreed to the essential terms of the settlement. The following unambiguous language in the initial

correspondence clearly confirms that the parties had just begun negotiating the essential terms of the settlement, to wit:

> Please let this e-mail confirm our conversation of Tuesday morning. The parties have reached a settlement [sic] agreement in principle. In exchange for $100,000.00, plaintiff will resolve all of the claims set forth in the Complaint in this matter. We have discussed that Releases will be signed in favor of the individual defendants and that the plaintiff **may possibly [sic] execute a covenant not to sue in favor of E-RSA**. It is our understanding that plaintiff would drop the demand for a name change in this matter but that litigation against the Goldstein claims and claims Ed Tuite will survive. We also need to extinguish the vicarious liability [sic] E-RSA may have for claims against Messrs. Goldstein and Tuite. **You agreed to take a shot at drafting a settlement agreement.**
>
> **We had hoped to hammer out the agreement this week.** I will be out of the office tomorrow in the afternoon and in depositions most of the day on Friday. Do you know when you plan on providing us with a <u>proposed</u> Settlement Agreement and Release? [emphasis added]

A copy of the June 5, 2005 e-mail Mr. Meehan sent to Mr. Hino suggesting a proposed settlement and the need to "hammer out" the essential terms of the agreement is attached hereto as Exhibit "A."

Veritext contends that because it drafted a proposed Settlement Agreement based upon the above e-mail correspondence, an enforceable settlement had been reached. However, as Veritext rightfully points out, the proposed Settlement Agreement was forwarded to Mr. Meehan for the Defendants review and signature. Moreover, Mr. Meehan's e-mail correspondence firmly establishes that a covenant not to sue with respect to E-RSA was an open issue which would require client approval. Mr. Meehan even contemplated the very real possibility that even though the parties reached a settlement in principle, the settlement discussions could eventually breakdown, which they did. He advised the Court of this in his letter dated June 15, 2005 which

is attached as Exhibit "B" to Veritext's Motion.

In addition, it is clear that once Mr. Meehan discontinued handling this case, his successor, David Santee, had ongoing negotiations with Mr. Hino. Those negotiations are evidenced by e-mails exchanged between Mr. Santee and Mr. Hino between March 3, 2006 and March 9, 2006. A true and correct copy of the e-mail exchanges between March 3, 2006 and March 9, 2006 is attached hereto as Exhibit "B." Through these exchanges it is obvious that both attorneys were working at drafting language that was acceptable to both parties, and that **Mr. Hino was "reserving the right to make additional changes"** because his client had not reviewed the latest revisions. See Exhibit "B."

Negotiations continued and on May 1, 2006, Mr. Santee forwarded to Mr. Hino yet another version of the proposed Settlement Agreement. This version contained release language with respect to E-RSA, not a covenant not to sue, and Mr. Santee expressed his hope that this version would be acceptable to Defendants though obviously still subject to their approval. A true and correct copy of the May 1, 2006 e-mail correspondence and Release is attached hereto as Exhibit "C". Instead of advising whether the Release was acceptable, Mr. Hino, in a letter dated July 20, 2006, advised that Veritext signed a Release and Covenant Not to Sue and subsequently e-mailed a copy of that signed document. A true and correct copy of Mr. Hino's July 20, 2006 letter is attached hereto as Exhibit "D". On July 21, 2006, Mr. Santee wrote to Mr. Hino advising that the signed document forwarded by Veritext was not the latest version of the Release and not approved by the Defendants. A true and correct copy of Mr. Santee's July 21, 2006 letter is attached hereto as Exhibit "E".

Defendants' position is and always has been that anything less than a release of E-RSA is unacceptable. Defendants view a covenant not to sue as an invitation for further litigation

initiated by Veritext. Therefore, while the parties agreed on the dollar amount of the settlement, they did not agree on an essential term regarding the release of E-RSA. It is respectfully submitted that the Court cannot enforce the settlement on the terms dictated by Veritext, and that a settlement, if any, must include a release of E-RSA.

### III.   ARGUMENT

The enforcement of settlement agreements is determined according to principles of contract law. McDonnell v. Ford Motor Co., 643 A.2d 1102, 1105 (Pa. Super. 1994). A settlement, like any other agreement, must possess all the traditional elements of a valid contract, and where an alleged contract is wholly comprised of oral communications, courts may look to the surrounding circumstances and the course of dealing to ascertain the intent of the parties to be bound by the agreement. Westinghouse Elec. Co. v. Murphy, Inc., 228 A.2d 656 (Pa. 1967); Mountain Properties, Inc. v. Tyler Hill Realty Corp., 767 A.2d 1096 (Pa. Super. 2001) *appeal denied* 782 A.2d 547 (Pa. 2001). As with any contract, it is essential to the enforceability of a settlement agreement that the minds of the parties should meet upon all of the material terms, as well as the subject matter, of the agreement. Porreco v. Maleno Developers, Inc., 761 A.2d 629, *reargument denied* (Pa. Cmwlth. 2000); see also Mazzella v. Koken, 739 A.2d 531 (Pa. 1999). Where ambiguities and undetermined matters render an alleged settlement agreement impossible to enforce, the agreement must be set aside and the matter remanded for a trial on the merits. Id.

In Porreco, the parties, neighboring landowners involved in a dispute over excessive storm water drainage and runoff flowing from the properties, entered into a tentative agreement to settle their dispute. Porreco, 761 A.2d at 630. The parties agreed that the construction of a retention pond would take place and agreed on the division of responsibility for the cost of the construction. Id. They did not agree on the placement of the pond and the standards as to which

it would be constructed. The Commonwealth Court overturned the trial court's enforcement of the settlement finding that the placement of the pond and its construction standards were material terms that went to the essence of the tentative settlement agreement. Id at 633. Therefore there was no meeting of the minds and an unenforceable settlement agreement.

It's significant to note that the case cited by Veritext and primarily relied upon in its brief, Frank v. The Nostalgia Network, 1997 U.S. Dist. LEXIS 942 (E.D. Pa. January 30. 1997), involves a case where there is no dispute that the parties agreed to the essential terms of the settlement. In Frank, the plaintiff's counsel, through a sworn affidavit, admitted that he and his client never discussed the tax consequences before agreeing to settle the case for $12,000.00. The plaintiff's subsequent refusal to sign a release due to issues regarding tax consequences arising after the oral agreement was made, did not vitiate the settlement the parties voluntarily entered into. Id.

The facts regarding the formation of the settlement agreement here are analogous to Porreco, not Frank. Indeed, a covenant not to sue was not something that was agreed to by the Defendants when the parties tentatively settled their dispute in principle, and it in fact was raised only as a "possibility" in the initial e-mail correspondence of Mr. Meehan. See Exhibit "A". It was clearly an open issue which needed to be approved by the Defendants in order to complete the settlement. That did not happen. There is also no dispute that a covenant not to sue is a material term of any settlement agreement. There was no meeting of the minds as to this essential term and therefore the settlement agreement is unenforceable.

IV.     **CONCLUSION**

Veritext and Defendants did not enter into an enforceable settlement because the parties never reached a meeting of the minds regarding the release of E-RSA, an essential term of their

tentative agreement. Therefore, Veritext's Motion to Enforce Settlement must be denied and this matter returned to the Court's trial schedule.

                    Respectfully submitted,

                    RAWLE & HENDERSON LLP

                    BY:  /S/ MICHAEL P. DORSEY
                          Michael P. Dorsey, Esquire
                          The Widener Building
                          One South Penn Square
                          Philadelphia, PA 19107
                          (215) 575-4346
                          Attorneys for Defendants,
                          E-Reporting Stenographic Affiliates
                          of Pennsylvania, Inc., t/a E-RSA,
                          F. David Damiani, Laura Grosso,
                          Carmella Mazza and Richard J. Coleman

Dated:

## **CERTIFICATE OF SERVICE**

I hereby certify that on today's date I served a true and correct copy of the foregoing Defendants' Response in Opposition to the Motion to Enforce Settlement of Plaintiff, Veritext/Pa Reporting Company L.L.C. t/a RSA by first-class mail, postage prepaid, upon the attorney of record, addressed as follows:

>Michael S. Hino, Esquire
>Pepper Hamilton LLP
>400 Berwyn Park
>899 Cassatt Road
>Berwyn, PA   19312
>
>Peter J. Mooney, Esquire
>White and Williams LLP
>1800 One Liberty Place
>Philadelphia, PA  19103-7395

RAWLE & HENDERSON LLP

By:   /S/ MICHAEL P. DORSEY
      Michael P. Dorsey, Esquire

DATED: October 20, 2006

1373158 v.1

v.1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VERITEXT/PA REPORTING COMPANY, LLC, t/a RSA | : | CIVIL ACTION |
| Plaintiff, | : | |
| vs. | : | |
| E-REPORTING STENOGRAPHIC AFFILIATES OF PENNSYLVANIA, INC., t/a E-RSA F. DAVID DAMIANI, LAURA GROSSO, CARMELLA MAZZA, RICHARD J. COLEMAN | : | |
| Defendants. | : | NO. 03-6533 |

## ORDER

**AND NOW**, this _____ day of _____, 2006, upon consideration of the Motion to Enforce Settlement of Plaintiff Veritext/PA Reporting Company, LLC, t/a RSA, and the Response filed by the Defendants, it is hereby **ORDERED** that said Motion is **DENIED**.

BY THE COURT:

_____
The Honorable Bruce J. Kauffman